UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                                    Plaintiff,<br><br>v.<br><br>PATRICIA SEARY,<br><br>                                    Defendant. | Case No.:  20cr10111 WQH<br><br>**ORDER** |

HAYES, Judge,

The matter before the Court is the Motion for Early Termination of Supervised Release, filed by Defendant Patricia Seary. (ECF No. 24.)

**BACKGROUND**

On May 22, 2019, an Indictment was filed in the District of South Carolina charging Defendant and 13 others with, *inter alia*, Conspiracy to Possess and Pass Counterfeit Federal Reserve Notes in violation of 18 U.S.C. §§ 371 and 472. (ECF No. 1-2.)

On December 30, 2019, Defendant pleaded guilty to the conspiracy charge. (ECF No. 1-1 at 40.)

On April 16, 2020, the Hon. Richard M. Gergel sentenced Defendant to time served (i.e., 219 days in custody) followed by a three-year term of supervised release. *Id*. at 33-34; *see also* ECF No. 1-3.

On July 20, 2020, jurisdiction over Defendant's supervised release was transferred to this Court. (ECF No. 1.)

On December 14, 2020, Defendant admitted to violating the terms of her supervised release by unlawfully using a controlled substance and/or failing to comply with drug testing requirements and failing to participate in a drug aftercare program. This Court revoked Defendant's supervised release and sentenced Defendant to a term of five months in the custody of the Bureau of Prisons followed by a term of 30 months of supervised release. (ECF No. 17.)

On August 1, 2022, Defendant filed the Motion for Early Termination of Supervised Release. (ECF No. 24.) Defendant asserts that since her release from custody on March 25, 2021, Defendant "has turned her life around and has been completely sober." *Id*. at 2. Defendant asserts that "[s]he goes to therapy once a week and graduated from her out-patient treatment program at McAlister"; "[s]he works two full-time jobs to support herself and her five-year-old son"; she "has a robust support system that extends from her dad to her nieces to her coworkers"; and she "is hoping to regain custody of her son as she continues to build a new life for herself." *Id*. at 3-4. Defendant states that her probation officer is unopposed to the motion and "reports that [Defendant] has been 'doing well' and has made 'significant strides' in her supervised release." *Id*. at 3.

On August 15, 2022, Plaintiff United States filed a Response in opposition to the Motion for Early Termination of Supervised Release. (ECF No. 26.) Plaintiff opposes the motion due to Defendant's "substantial" criminal record, the December 2020 revocation of her supervised release, and her alleged drug overdose in August 2020. *Id*. at 2. Plaintiff contends that "[s]eventeen months on the right path is not enough to be confident her much longer track record of problems is in the past for good." *Id*. at 2-3.

On August 18, 2022, Defendant filed a reply reiterating that Defendant's "Probation Officer, the person who knows her habits and behavior best, decided that even with criminal history, she is unopposed to her early termination." (ECF No. 27 at 1.)

Defendant's reply quotes a statement from Defendant and asserts that "[s]eventeen months on the right path is enough to be confident in [Defendant]'s bright future." *Id*. at 2.

## RULING OF THE COURT

Section 3583(e) provides in relevant part:

> The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)— … terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice….

18 U.S.C. §3583(e)(1). Section 3553(a) provides that the sentencing court must impose a sentence that is "sufficient, but not greater than necessary … (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed education or vocational training, medical care, or other correctional treatment in the most effective manner[.]" 18 U.S.C. § 3553(a)(2)(B)-(D).  The Court must also consider, among other factors, "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1); *see also* 18 U.S.C. § 3553(a)(4)-(7) (stating that a court must consider "the kinds of sentence and the sentencing range established for … the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines"; "any pertinent policy statement … issued by the Sentencing Commission"; "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct"; and "the need to provide restitution to any victims of the offense").

In *United States v. Ponce*, 22 F.4th 1045 (9th Cir. 2022), the court explained:

> The correct legal standard for deciding a motion to terminate supervised release is set forth in 18 U.S.C. § 3583(e). Section 3583(e)(1) provides that, after considering a subset of the sentencing factors set forth in 18 U.S.C. § 3553(a), a court may terminate a term of supervised release if it is satisfied that such action is warranted by the conduct of the defendant released and the

interest of justice. The expansive phrases "conduct of the defendant" and "interest of justice" make clear that a district court enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination.

*Id*. at 1047 (quotation omitted). The defendant bears the burden of demonstrating that early termination of supervised release is justified. *See United States v. Weber*, 451 F.3d 552, 559 n.9 (9th Cir. 2006).

At the December 14, 2020 supervised release revocation hearing, this Court considered the nature and circumstances of the allegations and the history and characteristics of the Defendant. The Court concluded that five months in prison and 30 months of supervised release was the minimum sentence to satisfy the applicable factors under 18 U.S.C. § 3583(e) and 18 U.S.C. §3553(a). The Court has considered Defendant's request for early termination of supervised release and finds that there are insufficient facts to support the termination of Defendant's supervised release at this time. Defendant's recent compliance with her supervised release terms, although commendable, is not sufficient to justify early termination of her supervised release. The Court finds that the applicable factors under 18 U.S.C. §3553(a) and the interests of justice continue to support the 30-month term of supervised release imposed on December 14, 2020.

IT IS HEREBY ORDERED that the Motion for Early Termination of Supervised Release (ECF No. 24) is denied.

Dated:  October 6, 2022

Hon. William Q. Hayes
United States District Court